No. 10,532.

PAUL *v.* CITIZENS STATE BANK OF WATERVILLE, KANSAS, ET AL.

Decided February 4, 1924.    Rehearing Denied March 3, 1924.

Action to set aside a decree affecting title to real property. Judgment of dismissal.

*Reversed.*

1.   QUIETING TITLE—*Setting Aside Decree.* A decree was entered foreclosing three quitclaim deeds as mortgages. In the case under

consideration, it is held that plaintiff, being a stranger to that decree, had the right to collaterally impeach it, and having made all parties to the decree parties to her action, could have her rights in the property determined.

*Error to the District Court of Las Animas County, Hon. A. C. McChesney, Judge.*

Mr. W. B. MORGAN, Mr. RILEY R. CLOUD, for plaintiff in error.

Messrs. SABIN & McGLASHAN, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

AN action was brought by the plaintiff in error against the defendants in error to set aside a decree foreclosing three quit claim deeds as mortgages, wherein the Citizens State Bank was plaintiff and the defendants C. H. Paul and John Paul were defendants. The complaint herein alleged the title to the property to be in the plaintiff, which she avers she acquired prior to any interest acquired by the bank, and that she was in possession thereof; that the decree was fraudulent and void, and procured by fraudulent collusion of the bank and the defendants C. H. Paul and John Paul, with injury to her. The answer of the defendants put in issue the material averments of the complaint.

Notwithstanding the allegations of the complaint with respect to the title, the court proceeded upon the theory that it was not an action in which the plaintiff could have determined her title, but that it could only hear and determine the question of the good faith of the parties to the decree, and whether it was obtained by fraud, and the court therefore dismissed the plaintiff's complaint "without prejudice in a proper action to the determination of her title to the property involved in this action."

This we think was error. The plaintiff in error was a stranger to the decree of which she complained, and had the undoubted right to collaterally impeach it, if preju-

diced thereby, by alleging and proving her title as the grounds of her suit. The Code provides that the court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others.. She made all of the parties to the decree parties defendant in her action to set aside the decree, in which she alleged her title to the real property, the invalidity of the decree, and its injury to her, and asked that the decree be adjudged a nullity as far as it affected her interests.

Judgment reversed and new trial granted, with leave to amend the pleadings so as to raise for determination all proper questions affecting the real merits of the controversy.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.

### On Motion for Rehearing.

PER CURIAM: The defendant in error urges that the suit was to set aside a decree inter alios and so not maintainable, but the facts stated made it, in effect, a suit to remove a cloud on plaintiff's title. The plaintiff's title should therefore have been determined.

Rehearing denied.