No. 11,205.

CITIZENS STATE BANK OF WATERVILLE, KANSAS, et al.
*v.* PAUL.

Decided September 28, 1925.

Action to quiet title.   Judgment for plaintiff.

*Reversed.*

1.  APPEAL AND ERROR—*Appellate Orders Ignored.*   A cause having
been reversed and remanded with directions, which the trial
court failed to carry out on the second trial, the case is again
sent back for compliance with the orders of the appellate court.

2.  QUIETING TITLE—*Ownership.*   Ownership of land must be deter-
mined before title thereto can be quieted.

3.  APPEAL AND ERROR—*Appellate Decree.*   In an action to quiet title
the reviewing court will not read into the decree the deter-
mination of the controlling question of title when that ques-
tion is in express terms left open and undetermined by the
decree itself.

*Error to the District Court of Las Animas County, Hon.
J. C. Wiley, Judge.*

Messrs. SABIN, McGLASHAN & SABIN, for plaintiffs in
error.

Mr. RICE W. MEANS, Mr. CHARLES H. SMALL, Mr. W.
B. MORGAN, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THIS case is here for the second time.   *Paul v. Citizens
State Bank of Waterville, Kansas,* 75 Colo. 14, 223 Pac.
758.

The merits of the controversy between the parties were

not decided in the above case. The trial court in that case held that the plaintiff Paul could not have her title to certain real estate determined in that proceeding. We held this to be error, reversing the case and granting "leave to amend the pleadings so as to raise for determination all proper questions affecting the real merits of the controversy." 75 Colo. 14, 16, 223 Pac. 758, 759. On motion for rehearing, the final words, per curiam, were, "The plaintiff's title should therefore have been determined."

The case went back and is here again. In the instant case, the trial court did not determine the title as directed by us; it made no general or special findings as to the ownership of the property in question, nor does the decree say in whom the title is vested. The determination of this fact and all proper questions affecting the real merits of the controversy, was the reason for remanding the case to the lower court. Its omission in the final decree now under discussion appears not to have been an inadvertence, that might be supplied and made certain by other parts of the findings and decree, but on the contrary, the trial court expressly disclaimed passing on the matter for which the case was sent back for trial, saying, inter alia, "*Whatever* cloud is or *may be* cast on *whatever* right, interest, title and estate Julia G. Paul has in and to the above described real property, be and the same is hereby removed, and *whatever may be* the respective rights, title, interest and estate of the parties to this suit in and to the aforesaid real property, *is not determined and adjudicated by this decree,* except the removal of *any cloud* cast upon the title of the plaintiff by reason of said foreclosure judgment." (The italics are ours.)

The plaintiff Julia G. Paul claimed under a tax deed, which defendants challenged, and plaintiff and defendants each sought to have their respective alleged titles quieted as against the other. Neither could prevail unless there was a title to quiet and a cloud to be removed. By not only failing to find who owned the property, but expressly declining to do so, a decree quieting title in either one

of the parties to the controversy would be as logical and reasonable as it would be to quiet it in the other. The question of ownership must be first determined, and if the court does not know or declines to decide who owns the land, it is manifestly improper to quiet the title in either.

The decree, which expressly refuses to determine that which is necessary to be first determined before anything else can be decided, namely, the ownership of the land, title to which the plaintiff asserts in her complaint, and defendants deny and claim for themselves in their answer and cross-complaint, leaves it open to conjecture and complete uncertainty as to which litigant should prevail, and defeats the purpose for which we remanded the case in 75 Colo. 14. We did not there and do not now direct in whose favor the question of ownership and all proper questions affecting the real merits of the controversy shall be determined, but we do say that they shall be decided for one side or the other.

We do not regard it as proper for us to here construe or read into the decree the determination of the controlling question of title, either in favor of one side or the other, when such question is in express terms left open and undetermined by the decree itself. To do so would be to supply an intent that is expressly negatived by such decree. Neither do we wish, in this case, to sit as a trial court in passing on the question of title, doing that which the district court was directed to do, and thereby relieve or deprive it of the exercise of its own proper functions as such trial court.

The decree is reversed, with directions to the district court to entertain such further proceedings and make such findings and decree as may be required to give effect to the orders of this court as above expressed, and as set forth in 75 Colo. 14, 223 Pac. 758.

Mr. Chief Justice Allen and Mr. Justice Burke concur.